# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Exide Holdings, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-11157 (CSS)<br><br>(Jointly Administered) |
| Peter Kravitz, as GUC Trustee of the<br>GUC Trust of Exide Holdings, Inc., *et al.*,<br><br>Plaintiff,<br>v.<br><br>Defendants Listed on **Exhibit A** filed herewith, | Adv. No.: See **Exhibit A** |
| Peter Kravitz, as GUC Trustee of the<br>GUC Trust of Exide Holdings, Inc., *et al.*,<br><br>Plaintiff,<br>v.<br><br>Defendants Listed on **Exhibit B** filed herewith, | Adv. No.: See **Exhibit B** |
| Peter Kravitz, as GUC Trustee of the<br>GUC Trust of Exide Holdings, Inc., *et al.*,<br><br>Plaintiff,<br>v.<br><br>Defendant Listed on **Exhibit C** filed herewith. | Adv. No.: See **Exhibit C** |
| Peter Kravitz, as GUC Trustee of the<br>GUC Trust of Exide Holdings, Inc., et al.,<br><br>Plaintiff,<br>v.<br><br>Defendants Listed on **Exhibit D** filed herewith. | Adv. No.: See **Exhibit D** |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are Exide Holdings, Inc. (5504), Exide Technologies, LLC (2730), Exide Delaware LLC (9341), Dixie Metals Company (0199), and Refined Metals Corporation (9311). The Debtors' mailing address is 13000 Deerfield Parkway, Building 200, Milton, Georgia 30004.

| | |
|---|---|
| Peter Kravitz, as GUC Trustee of the<br>GUC Trust of Exide Holdings, Inc., et al.,<br><br>    Plaintiff,<br>v.<br><br>Defendants Listed on **Exhibit E** filed herewith. | Adv. No.: See **Exhibit E** |

## *AMENDED* CERTIFICATION OF COUNSEL REGARDING PROPOSED SCHEDULING ORDERS

I, N. Christopher Griffiths, of Connolly Gallagher LLP, counsel for the plaintiff in the above-captioned adversary proceedings (the "Adversary Proceedings"), hereby certify as follows:

1. In June of 2021, Peter Kravitz, GUC Trustee of the GUC Trust of Exide Holdings, Inc., *et al.* (the "Plaintiff" or "Trustee") initiated adversary proceedings by filing complaints against the defendants listed in the proposed scheduling orders attached as **Exhibits A**, **B**, **C**, **D**, and **E** (collectively, the "Defendants").

2. On July 13, 2021, Plaintiff filed a procedures motion seeking entry of a procedures order to govern all Adversary Proceedings.

3. A pre-trial conference was held on August 31, 2021, at which hearing the Court denied the procedures motion. The Court adjourned the pre-trial conference to September 29, 2021 (later further adjourned to October 5, 2021), and indicated Plaintiff could circulate a proposed scheduling order to Defendants ahead of the adjourned pretrial. The Court noted that those Defendants that preferred the entry of a scheduling order prior to the hearing could submit an agreed-upon scheduling order under certification of counsel, negating the need for the pre-trial to go forward in their respective adversary proceedings.

4. Pursuant to the Court's comments at the pre-trial, Plaintiff's counsel circulated a proposed scheduling order to govern pretrial discovery, motion practice and mediation in the

2

Adversary Proceedings. A copy of the proposed scheduling order was circulated to counsel to each of the Defendants listed in **Exhibits A** through **E** or, in cases in which Defendants are not represented by counsel, sent to a representative or agent of the Defendants. Plaintiff's counsel requested that Defendants affirmatively respond as to whether they consented to the entry of the proposed scheduling order.

5.  On information and belief, the proposed scheduling order complies or substantially complies with applicable Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, the Local Rules of this Court and the form of scheduling order for preference avoidance actions commonly used by this Court.

6.  Plaintiff received the affirmative consent to entry of the proposed scheduling order from those Defendants listed on the scheduling order attached as **Exhibit A.** Unless the Court has questions or concerns, the undersigned respectfully requests that the Court enter the proposed scheduling order attached as **Exhibit A** at its earliest convenience, and cancel the pre-Trial scheduled for October 5, 2021 for those Defendants listed on **Exhibit A.**

7.  Plaintiff received proposed revisions from those Defendants listed on the scheduling order attached as **Exhibit B,** and Plaintiff consented to the revisions proposed**.** Unless the Court has questions or concerns, the undersigned respectfully requests that the Court enter the proposed scheduling order attached as **Exhibit B** at its earliest convenience, and cancel the pre-Trial scheduled for October 5, 2021 for those Defendants listed on **Exhibit B.**

8.  Plaintiff received proposed revisions from the Defendant listed on the scheduling order attached as **Exhibit C,** and Plaintiff consented to the revisions proposed**.** Unless the Court has questions or concerns, the undersigned respectfully requests that the Court enter the proposed

scheduling order attached as **Exhibit C** at its earliest convenience, and cancel the pre-Trial scheduled for October 5, 2021 for the Defendant listed on **Exhibit C.**

9.      The Defendants listed on the scheduling order attached as **Exhibit D** are Defendants whose cases have settled in principal, but whose cases have not yet been dismissed on the docket. These Defendants did not affirmatively consent to the proposed scheduling order. However, upon information and belief, this was due to the settled status of the Defendant's respective adversary proceedings and not due to disagreement with the proposed schedule or inability to reach each Defendant. Accordingly, unless the Court has questions or concerns, the undersigned respectfully requests that the Court enter the proposed scheduling order attached as **Exhibit D** at its earliest convenience, and cancel the pre-Trial scheduled for October 5, 2021 for those Defendants listed on **Exhibit D.**

10.      The Defendants listed on the scheduling order attached as **Exhibit E** did not respond to Plaintiff's request for an affirmative response to the proposed scheduling order. Plaintiff acknowledges the Court may wish to proceed forward with the pre-trial in these matters; to the extent the Court is satisfied with the opportunity for these Defendants to comment on the proposed order, the undersigned respectfully requests that the Court enter the proposed scheduling order attached as **Exhibit E** at its earliest convenience, and cancel the pre-Trial scheduled for October 5, 2021 for those Defendants listed on **Exhibit E.**

WHEREFORE, the Parties respectfully request entry of the Orders attached as **Exhibits** A through **E** at the Court's earliest convenience, or such other relief as the Court may direct.

Dated: September 29, 2021

**CONNOLLY GALLAGHER LLP**

*/s/ N. Christopher Griffiths*
N. Christopher Griffiths (#5180)
Lisa Hatfield (#4967)
1201 North Market Street, 20th Floor
Wilmington, Delaware 19801
Telephone: (302) 888-6313
Email: cgriffiths@connollygallagher.com
        lhatfield@connollygallagher.com

*-and-*

ASK LLP
Joseph L. Steinfeld, Jr., Esq., MN SBN 0266292
Kara E. Casteel, Esq., MN SBN 0389115
2600 Eagan Woods Drive, Suite 400
St. Paul, MN 55121
Telephone: (651) 289-3846
Fax: (651) 406-9676
Email: kcasteel@askllp.com

*Counsel for Plaintiff, Peter Kravitz, as GUC Trustee of the GUC Trust of Exide Holdings, Inc., et al.*