# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Exide Holdings, Inc., *et al.*,[1] | Case No. 20-11157 (CSS) |
| Debtors. | (Jointly Administered) |
| Peter Kravitz, as GUC Trustee of the GUC Trust of Exide Holdings, Inc., *et al.*, | |
| Plaintiff, | |
| vs. | |
| Defendants Listed Below, | |
| Defendants. | |

| Defendant Name | Adversary Number |
|---|---|
| Alta Environmental, L.P. fdba Winfield & Associates | 21-50566 |
| Anixter Inc. | 21-50570 |
| Automotive Core Supply, Inc. dba ACS, Inc. | 21-50578 |
| Best Lucky International Enterprise Corp. | 21-50584 |
| BriteWorks, Inc. | 21-50590 |
| Castlerock Environmental, Inc. | 21-50596 |
| Central Industrial Contractors, Inc. | 21-50598 |
| Climate Engineers, LLC fdba Climate Engineers Inc. | 21-50602 |
| Delta-Q Technologies Corp. | 21-50611 |
| DET Logistics (USA) Corporation | 21-50612 |
| EDP Acquisitions, LLC fdba Englander dZignPak LLC | 21-50618 |
| Equipment Depot, Inc. | 21-50623 |
| FirstEnergy Corp. dba Met-Ed | 21-50814 |
| Flexport, Inc. | 21-50634 |
| French Ellison Truck Center, LLC | 21-50815 |
| Hickory Springs Manufacturing Company dba HSM | 21-50665 |
| Hydra-Matic Packing Company, Inc. | 21-50670 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are Exide Holdings, Inc. (5504), Exide Technologies, LLC (2730), Exide Delaware LLC (9341), Dixie Metals Company (0199), and Refined Metals Corporation (9311). The Debtors' mailing address is 13000 Deerfield Parkway, Building 200, Milton, Georgia 30004.

| LinkEx, Inc. | 21-50624 |
|---|---|
| Marsh USA Inc. dba Marsh, Inc. | 21-50636 |
| Mast Trucking, Inc. | 21-50638 |
| Michigan Kenworth, LLC dba Michigan KW - Dearborn | 21-50843 |
| Micromeritics Instrument Corporation | 21-50649 |
| Northeast Battery & Alternator, LLC | 21-50664 |
| Power Designers USA LLC | 21-50692 |
| Premier Magnesia, LLC | 21-50693 |
| Process Equipment Company dba Proheat Inc. | 21-50694 |
| Re-Man Shack, Inc. IV dba Advantage Power Battery of Oklahoma | 21-50698 |
| Safety-Kleen Systems, Inc. | 21-50859 |
| Saia Motor Freight Line, LLC | 21-50710 |
| South Texas Truck Centers, LLC dba Mack Trucks of Texas, LLC | 21-50862 |
| T and S Trading, Inc. | 21-50725 |
| The Raymond Corporation | 21-50731 |
| The Republic Group Corporation dba The Republic Group | 21-50732 |
| U. S. Xpress, Inc. | 21-50741 |
| United Rentals, Inc. | 21-50745 |
| Waller Logistics, Inc. dba Waller Truck Co., Inc. | 21-50752 |
| Wiring by Wall, inc. | 21-50883 |

## **SCHEDULING ORDER**

To promote the efficient and expeditious disposition of the above-captioned adversary proceedings (the "Adversary Proceedings"), the following schedule (the "Scheduling Order") shall apply to each of the above-captioned adversary proceedings.

**IT IS HEREBY ORDERED** that:

1. The discovery planning conference described in Fed.R.Civ.P. 26(f), made applicable by Fed.R.Bankr.P. 7026, has been deemed to have occurred.

2. The parties shall provide the initial disclosures under Fed.R.Civ.P. 26(a)(1) no later than November 30, 2021. Any extension to the deadline to provide initial disclosures must be by Order of the Court and will only be granted for good cause shown.

3. All fact discovery shall be completed by May 31, 2022.

4. The parties shall provide expert reports for any issue on which they bear the burden of proof, not including any report by Plaintiff on insolvency of the Debtors, by July 29, 2022 If the Defendant intends to provide expert testimony regarding the insolvency of the Debtors, any such expert report must be provided by August 31, 2022. Any expert report by Plaintiff on the insolvency of the Debtors, as well as any Parties' expert report intended to rebut any other expert report, shall be provided by September 30, 2022. Defendant shall provide any expert report intended to rebut any report on insolvency by Plaintiff by November 30, 2022. All reports shall provide the information required by Fed.R.Civ.P. 26(a)(2)(B). All expert discovery shall be completed, and discovery shall close, by January 15, 2023.

5. Pursuant to the General Order Regarding Procedures in Adversary Proceedings entered by the Honorable Mary F. Walrath on April 7, 2004, no later than one hundred twenty (120) days, after the answer or other responsive pleading to the complaint is filed, the parties shall file a Stipulation Regarding Appointment of a Mediator or a statement that the parties cannot agree on a mediator and a request that the Court select and appoint a mediator to the proceeding.

6. Within sixty (60) days after entry of an Order Assigning the Adversary Proceeding to Mediation, the mediator shall either (a) file a mediator's certificate of completion, or, (b) if the mediation is not concluded, file a status report that provides the projected schedule for completion of the mediation.

7. All dispositive motions shall be filed and served by no later than February 28, 2023 and shall be subject to Rule 7.1.2 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware.

8. The parties shall comply with the General Order Governing Pre-Trial Procedures in Adversary Proceeding Set for Trial Before Judge Christopher S. Sontchi The parties shall file, no later than three (3) business days prior to the earlier of date set for (i) pretrial conference (if one is scheduled) or (ii) trial, their Joint Pre-Trial Memorandum approved by all counsel and shall contemporaneously deliver two (2) copies thereof to Judge Sontchi's chambers.

9. The Order Assigning the Adversary Proceeding to Mediation shall set the Adversary Proceeding for trial three-hundred (300) days after entry of the Order, or as soon thereafter as the Court's calendar permits. The Court may, in its discretion, schedule a pre-trial conference in lieu of or in addition to the trial.

10. The Plaintiff shall immediately notify Chambers upon the settlement, dismissal or other resolution of any adversary proceeding subject to this Order and shall file with the Court appropriate evidence of such resolution as soon thereafter as is feasible. The Plaintiff shall file a status report forty-five (45) days after the date of this scheduling order, each forty-five (45) days thereafter, and thirty (30), twenty (20), and ten (10) days prior to trial, setting out the status of each unresolved adversary proceeding subject to this Order. Plaintiff shall immediately advise Chambers, in writing, of any occurrence or circumstance which Plaintiff believes may suggest or necessitate the adjournment or other modification of the trial setting.

11. Deadlines contained in this Scheduling Order may be extended only by the Court and only upon written motion for good cause shown or consent of the parties pursuant to stipulation, which needs to be filed and Ordered by the court.

12. The Plaintiff shall serve this Scheduling Order on each Defendant within five (5) business days after the entry of this Order.

Dated: October 7th, 2021  
Wilmington, Delaware

CHRISTOPHER S. SONTCHI  
UNITED STATES BANKRUPTCY JUDGE

5